FILED

2020 Sep-23  PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EMILY C. LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:19-cv-01895-JHE |
| | ) | |
| BLUE CROSS BLUE SHIELD OF | ) | |
| ALABAMA, | ) | |
| | ) | |
| Defendants. | | |

### MEMORANDUM OPINION[1]

Through her First Amended Complaint, Plaintiff Emily C. Lee ("Lee") seeks to recover

benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et*

*seq.*, from Defendant Blue Cross Blue Shield of Alabama ("Blue Cross").  (Doc. 14).  Specifically,

Lee seeks to recover past benefits she claims are owed to her for a combination of medications

prescribed to treat her chronic migraines, as well as a declaratory judgment that her health

insurance policy covers that treatment.  (*Id.*).  Blue Cross has moved to dismiss the amended

complaint.  (Doc. 16).  With that motion under submission, Lee moved for judgment on the

administrative record.  (Doc. 20).  Both Blue Cross's motion to dismiss and Lee's motion for

judgment on the administrative record are fully briefed.  (Docs. 16, 18, 19, 22 & 23).  For the

reasons explained below, Blue Cross's motion to dismiss is **GRANTED,** and Lee's motion for

judgment on the administrative record is **DENIED AS MOOT**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil
Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge
conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 10).

## I. Legal Standard[2]

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that

---

[2] In its motion to dismiss, Blue Cross argues (1) Lee lacks standing to bring her claim for past benefits and (2) Lee's declaratory judgment claim is not justiciable because it does not present a case or controversy. (Doc. 16). Both of those arguments ordinarily implicate the court's subject-matter jurisdiction and are evaluated under Fed. R. Civ. P. 12(b)(1). *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.,* 921 F.2d 1190, 1203 n. 42 (11th Cir. 1991)) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."); *Rubenstein v. Fla. Bar*, 69 F. Supp. 3d 1331, 1337 (S.D. Fla. 2014) (collecting cases for the proposition that a "justiciability is better understood as pertaining to the Court's subject matter jurisdiction"). However, as discussed below, the standing argument is moot, and the root of Blue Cross's justiciability argument is an attack on Lee's compliance with ERISA's exhaustion requirements. It is not entirely clear whether exhaustion is a jurisdictional issue in this circuit. An unpublished decision of the Eleventh Circuit holds that it is. *Herman v. Hartford Life & Acc. Ins. Co.,* 508 F. App'x 923, 926 (11th Cir. 2013). However, a published decision of the Eleventh Circuit upheld dismissal for failure to exhaust in an ERISA case pursuant to Fed. R. Civ. P. 12(b)(6), implying it is *not* jurisdictional. *See Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1329 (11th Cir. 2006). And other circuits have expressly held, in published decisions, that it is nonjurisdictional. *See Paese v. Hartford Life & Acc. Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006); *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007); *Crowell v. Shell Oil Co.*, 541 F.3d 295, 309 (5th Cir. 2008).

Particularly in light of the fact that published Eleventh Circuit decisions support that a court may waive the exhaustion requirement in some cases, *see, e.g., Counts v. Am. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997), the undersigned finds the out-of-circuit cases more persuasive on this issue. *Cf. Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012) (noting that "[s]ubject-matter jurisdiction can never be waived . . . ."). Therefore, the undersigned addresses the motion under Fed. R. Civ. P. 12(b)(6)—which Lee suggests is the Rule at issue, (*see* doc. 18 at 4) (citing no-longer-applicable caselaw on Rule 12(b)(6))—not 12(b)(1).

a defendant has acted unlawfully." *Id.; accord Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

To that end, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557). Further, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A] plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) (internal quotation marks omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

The court accepts all factual allegations as true on a motion to dismiss under Rule 12(b)(6). *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

## II. Background

Lee, who is insured by Blue Cross, suffers from chronic daily migraine headaches without aura. (Doc. 14 at ¶¶ 3, 6). To treat her migraines, Lee's physician, Dr. George Urban ("Dr. Urban") of the Diamond Headache Clinic in Chicago, Illinois, has prescribed a treatment modality combining the drugs Aimovig and Botox. (*Id.* at ¶ 6). This treatment has improved Lee's functionality. (*Id.*).

On December 27, 2018, Blue Cross denied benefits for the combination of Aimovig and Botox. (*Id.* at ¶ 7). Lee appealed on February 11, 2019, attaching Dr. Urban's declaration under penalty of perjury asserting the facts above. (*Id.*). Nevertheless, Blue Cross denied the appeal on February 23, 2019. (*Id.*). Lee sent a letter to Blue Cross requesting the specific reason the claim was denied, but it never responded.[3] (*Id.*; doc. 1-1 at 13-14). Lee made a subsequent request on October 8, 2019, but Blue Cross again denied benefits on October 10, 2019. (Doc. 14 at ¶ 8; doc. 1-1 at 16). The complaint does not reflect that Lee or Blue Cross have taken any subsequent action apart from this litigation.

On November 6, 2019, Lee filed this action in the Circuit Court of Jefferson County, Alabama, requesting an award of benefits for the costs of the medication that she had received. (Doc. 1-1). Blue Cross removed the case to this Court on November 21, 2019, (doc. 1), and answered Lee's complaint six days later, (doc. 6). Lee filed her First Amended Complaint on January 17, 2020. (Doc. 14). In addition to the claim she asserted in the original complaint, Lee

---

[3] Lee states that this document, as well as others, are attached to her First Amended Complaint. However, they are not. The undersigned has cited to the documents referenced in the identical counts of the original complaint, which are presumably the ones Lee intended to attach to the First Amended Complaint.

included a claim for a declaratory judgment that the policy covers the combination of Aimovig and Botox from February 2020 forward.  (*Id.* at ¶¶ 12-16).  The undersigned then entered a scheduling order setting a March 6, 2020 deadline for the parties to file cross motions for summary judgment on the administrative record.  (Doc. 15).

On January 31, 2020, Blue Cross moved to dismiss the First Amended Complaint.  (Doc. 16).  The parties briefed the motion.  (Docs. 18 & 19).  On March 6, 2020, Lee alone moved for judgment on the administrative record.  (Doc. 20).  In response, Blue Cross reiterated its arguments in support of its motion to dismiss.  (Doc. 22).  Lee filed a reply.  (Doc. 23).  All pending motions have been fully briefed and are ripe for review.

### III. Analysis

Lee's amended complaint contains two counts.  In Count I, Lee requests benefits due under the Plan pursuant to 29 U.S.C. § 1132(a)(1)(B) for the costs of the treatment.  (Doc. 14 at 2-3).  In Count II, Lee seeks a declaratory judgment pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 2201, *et seq.*, that the Plan covers the treatment.  (*Id.* at 3-4).

Blue Cross has moved to dismiss both counts: Count I on the basis that Lee has admittedly incurred no damages for Blue Cross's failure to cover the treatment because she has received a promotional offer from Aimovig's manufacturer, (doc. 16 at 2-5), and Count II on the basis that it presents no justiciable case or controversy because no adverse benefits determination is properly before the court, (*id.* at 5-7).  Lee concedes Count I is due to be dismissed, (doc. 18 at 4-5), but rejects Blue Cross's contention that Count II is not justiciable, (*id.* at 5-8).  Accordingly, Count I is **DISMISSED.**

Blue Cross argues that the only fully-exhausted determination Lee challenges is the one in Count I, for which she suffered no injury.  (Doc. 16 at 5-7).  In Blue Cross's estimation, Lee's

proper remedy is to proceed back through the administrative process and obtain either (1) the relief she seeks here through a favorable determination or (2) a final adverse benefits determination she can then challenge in court.  (*Id.*).  Lee contends this would waste time and resources, since it would require "the parties [to] go back through the exact same process that they have already been through, receive the same determinations that have already been made, file the same appeals followed by the same denials, file a new lawsuit raising the exact same issues, and place the dispute in the exact posture that it is currently in before this Court."  (Doc. 18 at 5).

It is well-settled in the Eleventh Circuit that "plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court."  *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000) (quoting *Counts v. Amer. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997)).  Further, an ERISA plaintiff must plead that she has exhausted those remedies.  *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019) (citing *Byrd v. MacPapers, Inc.*, 961 F.2d 157, 161 (11th Cir. 1992)).  That said "a district court has the sound discretion to excuse the exhaustion requirement when resort to administrative remedies would be futile or the remedy inadequate . . . or where a claimant is denied meaningful access to the administrative review scheme in place . . . ."  *Id.* (internal quotation marks and citations omitted).  The plaintiff bears a "heavy burden" to show one of these exceptions applies. *Bickley v. Caremark Rx, Inc.* ("*Bickley I*"), 361 F. Supp. 2d 1317, 1336 (N.D. Ala. 2004), *aff'd,* 461 F.3d 1325 (11th Cir. 2006).  A plaintiff must make a "clear and positive" showing of futility in order to excuse the exhaustion requirement on that ground.  *Bickley v. Caremark Rx, Inc.* ("*Bickley II*"), 461 F.3d 1325, 1330 (11th Cir. 2006).  And the plaintiff must plead futility if she contends it applies.  *Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 n.2 (11th Cir. 1995) (citing *Curry v. Contract Fabricators, Inc. Profit Sharing Plan*, 891 F.2d 842,

846 (11th Cir. 1990), *abrogated on other grounds by Murphy v. Reliance Standard Life Ins. Co.*, 247 F.3d 1313 (11th Cir. 2001)).

At the time Lee filed this action, it seems (and Blue Cross did not appear to dispute) she had exhausted her administrative remedies with respect to the December 27, 2018 precertification denial.[4]  (*See* doc. 1-1 at 5 (discussing the initial denial, appeal, and denial of appeal); doc. 6 at 2). However, as noted above, Lee has abandoned her claims related to that denial.  What is left is a claim for a declaratory judgment for treatment from February 2020 forward.  Lee does not directly plead in her First Amended Complaint, or argue in her response to the motion to dismiss, that this claim is exhausted.[5]

 The parties dispute the applicability of the Eleventh Circuit's recent decision in *Peer v. Liberty Life Assurance Co. of Bos.*, 758 F. App'x 882 (11th Cir. 2019).  In that case, the plaintiff sought, in two counts, (1) to enforce a waiver provision of her ERISA plan that permitted "a covered person who becomes 'Totally Disabled' while insured to remain eligible for coverage without paying premiums" and (2) a declaratory judgment that she was 'Totally Disabled' within the meaning of the plan.  *Id.* at 883.  While the suit was pending, the defendant insurer approved the waiver provision that was at issue in the first count and applied it retroactively.  *Id*.  The court dismissed the first count as moot.  *Id*.  The plaintiff then filed a two-count amended complaint that included (1) essentially the same claim that had been found moot and (2) a declaratory judgment

---

[4] In its answer, Blue Cross disputed that Lee had exhausted her claims as to the October 10, 2019 denial.  (Doc. 6 at 3).

[5] Lee's failure to plead exhaustion or a reason to excuse exhaustion mean that her First Amended Complaint is subject to dismissal on that basis.  *Variety Children's Hosp.*, 57 F.3d at 1042 n.2.  Even if the undersigned construed Lee's response to the motion to dismiss as a request for leave to amend to include the futility arguments she raises in it, an amendment including those arguments would itself be futile since, as discussed below, her futility arguments are meritless.

count seeking "an adjudication as to whether and how [the insurer] will handle her waiver of premium requests in the future." *Id.* (internal quotation marks omitted). The district court granted judgment on the pleadings on the second count, finding it was being asked to render an advisory opinion, and thus that there was no justiciable controversy between the parties. *Id.* at 884. The Eleventh Circuit affirmed, finding the claim not ripe until the insurer made a determination as to whether the plaintiff was "Totally Disabled" and administratively reviewed it. *Id.*

In Blue Cross's estimation, *Peer* stands for the proposition that the court cannot review Lee's declaratory judgment claim absent an adverse benefits determination other than the one she has now abandoned. (Doc. 16 at 6). In Lee's view, the case is not analogous to this one because the adverse benefits determination—the equivalent of the total disability determination in *Peer*— was already made once, and there is no reason to suspect it would be different if fully exhausted. (Doc. 18 at 5-6). As an unpublished decision, *Peer* is not binding on the court, but, even if it was, Lee's argument is essentially (although not explicitly) about the futility of exhaustion, rather than whether the February 2019 denial is the one that actually applies to the claim before the court. In other words, the parties are both somewhat correct: Blue Cross is right that the case should be dismissed unless the undersigned excuses Lee's failure to exhaust,[6] and Lee is right that futility could conceivably excuse her lack of exhaustion.

---

[6] By couching its holding in terms of justiciability, *Peer* arguably supports that the exhaustion requirement is jurisdictional. *See supra*, n.2. However, the district court in *Peer* granted judgment on the pleadings, which follows the same standards as Rule 12(b)(6). *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). That arguably undermines that the exhaustion requirement is jurisdictional. Since *Peer* is nonbinding and its only application to this case is that it suggests the exhaustion requirement applies to the only claim at issue here, there is no real need to explore those implications further.

That said, Lee has not offered the "clear and positive" indicia of futility, *Bickley II*, 461 F.3d at 1330, that would support waiving the exhaustion requirement.  Instead, Lee points to the following facts to support that the undersigned should infer that Blue Cross would not change its decision if she did go through its administrative review: "the terms of the policy have not changed, the prescriptions themselves have not changed, the doctor's statement that the combined treatment is medically necessary has not changed, and, perhaps most tellingly, BCBS has not started to cover the combined treatment." (Doc. 18 at 6).  While these suggest that Blue Cross is *likely* to come to the same conclusion on its second review as it did the first time, they do not support that proceeding down the administrative path would be an "empty exercise in legal formalism," *Perrino*, 209 F.3d at 1318.  *Cf. Mason v. Cont'l Grp., Inc.*, 763 F.2d 1219, 1224 (11th Cir. 1985) (holding, in the context of exhaustion of contract remedies prior to suit, that "the test for 'futility' is not . . . whether the employees' claims would succeed . . . .").  This is not a case in which, for example, the plan administrator blocked the plaintiff's opportunity to seek administrative review, *see Curry*, 891 F.2d at 846-47, or where the administrator failed to treat the plaintiff's requests for coverage as actual requests under the plan, *see Coleman v. Alcatel-Lucent USA, Inc.*, No. 2:16-CV-00108-SGC, 2017 WL 7038502, at *3 (N.D. Ala. Sept. 1, 2017).  There appears to be no question that Blue Cross *would* review Lee's appeal, if offered, and *could* reverse its decision on appeal if it chose, meaning that a successful appeal would provide Lee with the coverage she seeks.[7]

---

[7] The undersigned agrees with Lee that judicial economy would not be advanced if Blue Cross again denied the appeal, but that does not mean that judicial economy would not be served at all by dismissing the case.  It is not a foregone conclusion that the appeal will be denied.  If Blue Cross approves the treatment, judicial economy will be advanced because Lee will have her remedy without the court reaching her motion for judgment on the administrative record (for which, the undersigned notes, Lee has requested oral argument).

Furthermore, Lee's October 2019 coverage request implies that she did not believe it would be futile to try again to get Blue Cross's approval for the treatment and undermine her arguments here; after all, the same facts regarding the terms of the policy, the prescriptions, and the like were just as true in October 2019 as they are now.  Although Lee chose to file a lawsuit shortly after the October 2019 denial instead of pursuing the appeal further, and notwithstanding the February 2019 denial, it appears that "a reasonable administrative scheme is available to [Lee] and [it] offers the potential for an adequate legal remedy." *Id.*  Particularly in light of the "heavy burden" Lee bears, this suggests that Lee should follow the norm of administrative exhaustion prior to pursuing her declaratory judgment claim through litigation.  Accordingly, Count II of the First Amended Complaint will be dismissed without prejudice to allow Lee to exhaust her claims, and Lee's motion for judgment on the administrative record will be denied as moot.

## IV. Conclusion

For the reasons stated above, the motion to dismiss, (doc. 16), is **GRANTED** as follows: Count I of the First Amended Complaint is **DISMISSED WITH PREJUDICE**, and Count II is **DISMISSED WITHOUT PREJUDICE.**  Lee's motion for judgment on the administrative record, (doc. 20), is **DENIED AS MOOT**.  A separate dismissal order will be entered.

DONE this 23rd day of September, 2020.

_____

**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE